**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DOUGIE LESTER,

                         Plaintiff,

v.                                                        CIVIL ACTION NO.   5:17-cv-00740

PAY CAR MINING, INC., et al.,

                         Defendants.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed the *Complaint* (Document 1), the *Motion of Defendants to Dismiss Complaint or in the Alternative for a More Definite Statement* (Document 5), and the *Plaintiff's Response in Opposition to Motion to Dismiss or in the Alternative for a More Definite Statement* (Document 7).   For the reasons stated herein, the Court finds that the motion should be denied.


**FACTUAL BACKGROUND**

The Plaintiff, Dougie Lester, initiated this putative class action on January 20, 2017.   The Plaintiff named Pay Car Mining, Inc., Bluestone Industries, Inc., Bluestone Coal Corp., Keystone Service Industries, Inc., and Mechel Bluestone, Inc. as Defendants.   The Plaintiff was an employee of Mechel Bluestone and Pay Car Mining at the Pay Car Mine in McDowell County, West Virginia.   Mr. Lester alleges that "Mechel Bluestone owned, controlled, operated, and maintained the Pay Car Mine, in coordination with Bluestone Industries, Bluestone Coal Corp., and Keystone Industries, Inc., through the subsidiary Pay Car Mining."   (Compl. at ¶ 11.)   He

1

further asserts that "Pay Car Mining, both on its own and jointly with Mechel Bluestone, KSI, Bluestone Coal Corp., and Bluestone Industries employed 100 or more employees . . . at or in connection with the Pay Car Mine," which they allege is a single site of employment.   (*Id.* at ¶ 9, 15.)

Mr. Lester alleges that he was laid off without prior written notice on October 20, 2012, within a 90-day period encompassing other layoffs at the Pay Car Mine.   On or about October 20, 2012, the management carried out a mass layoff at the Pay Car Mine, and neither the miners nor their union representatives received written notice of the layoffs in advance.   Mr. Lester was not called back to work for a period lasting "well in excess of six months."   (*Id.* at ¶ 31.)   Mr. Lester alleges that the layoffs violate the WARN Act.   He brings his claim on his own behalf and on behalf of all employees subject to layoff from the Pay Car Mine during the relevant time period. The Defendants filed a motion to dismiss and for a more definite statement, which is now ripe for review.

**MOTION FOR A MORE DEFINITE STATEMENT**

The Defendants argue that the Plaintiff should be required to amend his complaint to provide a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.   They argue that the Plaintiff's allegations regarding the Defendants' corporate structure and status as employers are vague, ambiguous, and unclear, and that the Plaintiff failed to allege which Defendant was responsible for each allegation.   The Plaintiff argues that the complaint complies with the applicable pleading standard.   He contends that some of the allegations complained of do not relate to a material element of the claim, and none are so vague or ambiguous as to prevent a responsive pleading.

2

Rule 12(e) permits a party to move for a more definite statement of a pleading that "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e). "[W]hen the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement."  *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).  The Fourth Circuit further explained that a Rule 12(e) motion should be denied where discovery will permit the parties to ascertain the unpled information.  *Id.*; *see also Tilley v. Allstate Ins. Co.*, 40 F. Supp. 2d 809, 814 (S.D.W. Va. 1999) (Haden, C.J.) (Rule 12(e) is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.") (quoting *Robinette v. Griffith,* 483 F.Supp. 28, 36 (W.D.Va.1979)).

The Court finds that allegations in the complaint are sufficiently clear to permit a response. The Defendants primarily complain of a lack of clarity regarding which Defendant is allegedly liable.  The Plaintiff clearly pled that the Defendants jointly employed workers at the Pay Car Mine and that representatives of each Defendant were involved in management. (Compl. at ¶¶ 9, 11, 16.)  To the extent it is unclear which Defendant allegedly took an action, there is no impediment to each Defendant answering the allegation with a denial, affirmation, or explanation, as appropriate.  Finally, the Court does not find the allegations regarding the relationship between the Defendants (Paragraphs 11 and 23) to be at all unclear.  Therefore, the motion for a more definite statement should be denied.

## MOTION TO DISMISS

### A.  Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).   "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"  *Id*.   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint."   *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).   Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.)   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.)   In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.)   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### B.  Discussion

The Defendants move to dismiss the Plaintiff's complaint, asserting that the alleged WARN Act violations were not timely filed.   The Defendants argue that the appropriate statute of limitations on WARN Act violations in West Virginia is two years.   The Plaintiff argues that the proper statute of limitations for WARN Act claims in West Virginia is five years, and therefore, the complaint was timely filed and should not be dismissed.[1]

According to the Supreme Court of the United States, the WARN Act as codified in 29 U.S.C. § 2101 *et seq.* contains no statute of limitations.   *North Star Steel Co. v. Thomas*, 515 U.S. 29, 32 (1995).   Because Congress failed to include a statute of limitations, the Supreme Court

---

[1] The Court notes that the same attorneys have presented essentially the same arguments in similar cases, *David Jordan v. Mechel Bluestone, Inc., et al.*, 5:16-cv-4413, and *Frank G. Treadway, et al., v. Bluestone Coal Corp., et al.*, 5:16-cv-12149.   The Court issued a *Memorandum Opinion and Order* (Document 11 in 5:16-cv-4413 and Document 19 in 5:16-cv-12149) denying those motions based on the same analysis contained herein.   The Court further notes that this current motion was filed while the motion in *Treadway* was pending, but that the Defendants failed to mention the Court's adverse ruling on the exact same grounds in *Jordan*.

held in *North Star Steel* that statute of limitations questions concerning the WARN Act should be resolved by applying the statute of limitations from the "most closely analogous" state law to the federal act.   *Id.* at 34, 36.

The Fourth Circuit Court of Appeals has not addressed the appropriate state law statute of limitations to apply to WARN Act claims.   In *Bell v. Philips Electronics N.V. of the Netherlands*, however, the Northern District of West Virginia heard the issue and ruled that the five-year contractual statute of limitations found applicable to the West Virginia Wage Payment and Collection Act (WVWPCA) should apply to WARN Act claims.   *Bell v. Philips Electronics N.V. of the Netherlands*, 897 F.Supp. 938, 940 (N.D.W.Va. 1995) (citing *Lucas v. Moore,* 172 W.Va. 101, 303 S.E.2d 739 (1983), for the holding that the five-year contractual statute of limitations applies to WVWPCA claims).   In *Bell*, similar to the case at hand, the plaintiffs brought an action under the WARN Act, and the defendant moved to dismiss based on the complaint being untimely filed.   *Id.* at 939.   The plaintiffs argued that WARN Act claims in West Virginia should be subject to the five-year statute of limitations in the WVWPCA, while the defendant employer argued that such claims should be subject to West Virginia's two-year statute of limitations applicable to personal injury suits.   *Id.*

The *Bell* court ultimately found that the WVWPCA was closely analogous to the WARN Act, and that the five-year contractual statute of limitations applicable to the WVWPCA was better suited for WARN Act claims than was the two-year statute of limitations applicable to personal injury actions.   *Id.* at 940.   In applying the five-year statute of limitations to the WARN Act claim, the court found that the "legislative purpose [of the WVWPCA] of allowing discharged employees remedies for enforcement and salary" was similar to the legislative purpose of the

6

WARN Act, and that "the remedies available under both [the WARN Act and the WVWPCA] are quite similar in that they mandate payment based on the employees' regular rate of pay for a certain period and are triggered by the employers' failure to comply with a statutory duty." *Id.*

As stated in two previous rulings, this Court agrees with the analysis of the Northern District of West Virginia. The Defendants in the case at hand argue that the two-year statute of limitations should control because claims for wrongful discharge in West Virginia generally arise in tort. The Defendants rely on *Luczkovich v. Melville Corp.*, a decision from the Eastern District of Virginia, to bolster their position. However, in *Luczkovich*, the district court found that the statute of limitations in Virginia's wrongful discharge law should apply to WARN Act claims in Virginia specifically because Virginia's wrongful discharge law did not treat wrongful discharge claims as though they arose in tort. *Luczkovich v. Melville Corp.*, 911 F.Supp. 208 (E.D.Va. 1996) ("[T]he court must reject the plaintiff's argument [that the two-year personal injury statute of limitations should apply] because there is no basis at common law or in common sense for the contention that a WARN Act violation causes personal injury. A WARN Act injury is an economic injury.").

Wrongful discharge actions in West Virginia have a long legal history of arising in tort, unlike Virginia's wrongful discharge law. *See, McCourt v. Oneida Coal Co., Inc.*, 425 S.E.2d 602 (W.Va. 1992); *Stanley v. Sewell Coal Co.*, 285 S.E.2d 679 (W.Va. 1981); *Shanholtz v. Monongahela Power Co.*, 270 S.E.2d 178 (W.Va. 1980). Thus, even under the reasoning of *Luczkovich*, West Virginia's wrongful discharge law is not analogous to the WARN Act, and therefore, its two-year statute of limitations should not apply. As the *Bell* court held, the WVWPCA was created for a similar purpose and closely parallels the WARN Act in that both

statutes create rights "that would not exist but for the statute and but for an employer's refusal to comply with a legislatively determined standard to ease the financial burden on terminated employees." *Bell*, 897 F. Supp. at 938.   Clearly, a WARN Act claim does not arise in tort, and the statute of limitations applicable to torts or personal injury actions is not that which is the "most closely analogous" to such claims.

The Court finds, as it has on at least two prior occasions, that West Virginia's Wage Payment and Collection Act is the state law most closely analogous to the WARN Act.   Thus, the five-year statute of limitations applicable to the WVWPCA also applies to WARN Act claims in West Virginia.   Because the Plaintiff filed his complaint within five years of the Defendants' alleged WARN Act violations, his complaint is timely, and the motion to dismiss should be denied.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Motion of Defendants to Dismiss Complaint or in the Alternative for a More Definite Statement* (Document 5) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        August 31, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA